IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICIA BERARDI, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:18-cv-01438 |
| CITY OF PEKIN, ILLINOIS, a municipal corporation, et al., | ) ) Honorable Joe Billy McDade ) ) |
| Defendants. | ) ) |

### DEFENDANTS' PARTIAL RULE 12(b)(1) MOTION TO DISMISS AND MEMORANDUM OF LAW

NOW COME Defendants, CITY OF PEKIN, MARK ROTHERT, JOHN McCABE, JOHN P. ABEL, MICHAEL GARRISON, MARK LUFT, LLOYD ORRICK, MICHAEL RITCHASON, and JIM SCHRAMM, by and through their attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and in support of their partial motion to dismiss Plaintiffs' First Amended Complaint (**Doc. # 40**) pursuant to Federal Rules of Civil Procedure 12(b)(1), state:

### I.  INTRODUCTION

Plaintiffs' First Amended Complaint centers on allegations that Defendants have discriminated against Plaintiffs and members of the putative class based on their disabilities by creating or failing to remove barriers to access in the City of Pekin's pedestrian rights-of-way. The First Amended Complaint contains allegations of a hybrid class action under Rule 23(b)(2) and (b)(3). Plaintiffs do not have standing to obtain the injunctive relief sought in their First Amended Complaint because there is no private right of action to enforce the regulations governing the ADA and the Rehabilitation Act; specifically, regulations concerning self-evaluation and transition

plans. As such, the Court must dismiss the First Amended Complaint's prayer for injunctive relief, pursuant to Rule 12(b)(1), based on Plaintiffs' lack of standing.

## II.    FACTS ALLEGED

Plaintiffs are residents of the City of Pekin with different types of mobility disabilities. *See* **First Amended Complaint, Doc. # 40, p. 2-3**. Pedestrian rights-of-way in the City, including sidewalks and curb ramps, are inaccessible for people with mobility disabilities like Plaintiffs. *Id.* at ¶ 12-13. From 1992 to 2016, the City created three ADA transition plans aimed at removing access barriers in the City's pedestrian rights-of-way. *Id.* at ¶ 31-33. Plaintiffs claim that, notwithstanding these transition plans, the City's has failed to comply with the ADA and Rehabilitation Act regulations governing transition plans, and that this has led to the creation of access barriers in pedestrian rights-of-way. *Id.* at ¶¶ 16, 78-79, ,88, 90. Plaintiffs seek to represent a class of individuals consisting of people with mobility disabilities residing in the City, and who have been denied access to the City's pedestrian rights-of-way based on their disabilities. *Id.* at ¶ 23. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek, for themselves, and for the putative class, the following injunctive relief:

   i. Develop ADA-compliant design guidelines for the City's sidewalks, curb ramps, and other pedestrian rights-of way;

   ii. Utilize the ADA-compliant design guidelines to conduct or cause to be conducted a comprehensive survey of all pedestrian rights-of-way owned or maintained by the City to identify all areas of non-compliance;

   iii. Prepare a specific plan to remediate all non-compliant pedestrian rights-of-way owned or maintained by the City; and

   iv. Create and implement policies for inspection, repair, maintenance, and construction/alteration of pedestrian rights-of-way to ensure compliance ADA-compliant design guidelines.

*Id.* at p. 30, § b.

Count I alleges violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and Count II alleges violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

### III.    LEGAL STANDARD – Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) seeks dismissal based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiffs have the burden to establish the elements of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). There are three elements that plaintiffs must sufficiently allege to establish standing, that they: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citations omitted). A facial challenge to standing arises where the defendants argue that the complaint lacks sufficient allegations to support subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citation omitted). To survive a facial challenge, plaintiffs must allege facts sufficient to show standing is plausible. *Id.* at 174.

### IV.    ARGUMENT

Plaintiffs do not have standing to bring a private cause of action against Defendants to enforce the regulations involving self-evaluation and transition plans. It is clear from the allegations in the First Amended Complaint that the injunctive relief requested by Plaintiffs is for this Court to enforce the regulations of the ADA and the Rehabilitation Act concerning self-evaluation and transition plans. This is made clear by comparing Plaintiffs' prayer for injunctive relief and the regulations of the ADA and the Rehabilitation Act. Plaintiffs seek a temporary and permanent injunction that will require Defendants to:

  i. Develop ADA-compliant design guidelines for the City's sidewalks, curb ramps, and other pedestrian rights-of-way;

    ii. Utilize the ADA-compliant design guidelines to conduct or cause to be conducted a comprehensive survey of all pedestrian rights-of-way owned or maintained by the City to identify all areas of non-compliance;

    iii. Prepare a specific plan to remediate all non-compliant pedestrian rights-of-way owned or maintained by the City; and

    iv. Create and implement policies for inspection, repair, maintenance, and construction/alteration of pedestrian rights-of-way to ensure compliance ADA-compliant design guidelines.

**(Doc. # 40, p. 30, § b)**. By comparison, the regulations of the ADA and Rehabilitation Act include creating a transition plan to achieve program accessibility, which includes having a transition plan that: (1) creates a schedule for making improvements; (2) identifies areas of non-compliance; and (3) describes in detail the methods that will be used to bring the facilities into compliance. 28 C.F.R. § 35.150(d); 45 C.F.R. § 84.22(e). In addition, the self-evaluation regulation of the ADA includes the review and implementation of policies to ensure compliance with Title II. *See* 28 C.F.R. § 35.105.

    Defendants have not discovered any decisions from the Seventh Circuit, or opinions from any district courts in the circuit, considering whether there is a private right of action to enforce the transition plan and self-evaluation regulations. However, federal courts across the country have considered the issue and have found that there is no private right of action to enforce these regulations. *See e.g. Lonberg v. City of Riverside*, 571 F.3d 846 (9th Cir. 2009) (no private right of action to enforce transition plan regulation); *Iverson v. City of Bos.*, 452 F.3d 94, 104 (1st Cir. 2006) (self-evaluation and transition plan regulations not enforceable through private right of action); *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 914 (6th Cir. 2004) (no private right of action to enforce transition plan regulation); *Liberty Res., Inc. v. City of Philadelphia*, 2020 WL 3642484, at *5-6 (E.D. Pa. 2020) (motion to dismiss granted as to request for injunction compelling self-evaluation and transition plan; such relief stricken from the prayer

for relief); *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 555–56 (D. Md. 2019) (no private right of action to enforce self-evaluation regulation); *McBay v. City of Decatur, Ala.*, 2014 WL 1513344, at *13 (N.D. Ala. 2014) (request to order compliance with self-evaluation and transition plan regulations denied).

The Ninth Circuit's decision in *Lonberg* is useful in understanding why there can be no private right of action to enforce the transition plan and self-evaluation regulations. In *Lonberg*, the plaintiff claimed that the defendant city's transition plan did not comply with 28 C.F.R. § 150(d); the district court agreed and entered a permanent injunction, ordering the city to create a transition plan in compliance with the regulation. 571 F.3d at 847. The city sought to vacate the injunction, arguing that the plaintiff lacked standing since there was no private right of action to enforce 28 C.F.R. § 150(d). *Id.* at 849. The Ninth Circuit found that there was no private right of action in enforcing the regulation under § 202 of Title II of the ADA and reversed the permanent injunction. *Id.* at 852. In its analysis, the court looked at the language of § 202, which is enforceable through a private right of action, and applied the rationale set forth by the Supreme Court in *Alexander v. Sandoval*, 532 U.S. 275 (2001). The court observed that, "[t]he plain language of § 202 prohibits public entities from discriminating against qualified disabled individuals in its administration of services and programs," which courts have understood to mean that public entities must provide "meaningful access." *Lonberg*, 571 F.3d at 851 (citations omitted). Given this context, the court made two key points: (1) § 202 does not say that creating a transition plan provides for meaningful access; and (2) whether or not there is a transition plan does not, by itself, deny access or remedy a lack of access for a person with a disability. *Id.* at 851-52.

*Lonberg* is also helpful in that the court discussed why it chose to follow the majority of appellate circuits on the issue as opposed to the Tenth Circuit's opinion in *Chaffin v. Kansas. State*

*Fair Board*, 348 F.3d 850, 858 (10th Cir.2003). The court in *Lonberg* noted that in *Chaffin*, the Tenth Circuit, "did not address whether § 202 evinced congressional intent to create a private right to a transition plan, or whether such a plan would remedy the denial of meaningful access. Instead, it applied *Sandoval* broadly to a host of ADA regulations, [] without addressing each one individually…" *Lonberg*, 571 F.3d at 852 (citations and quotations omitted). In following the decisions in the First and Sixth Circuits, the court in *Lonberg* stated that *Sandoval*, "require[d] a more particularized review of the challenged regulation than was undertaken by the Tenth Circuit in *Chaffin*." *Id.*

Given the sound reasoning discussed above, and the language of the statutes and regulations, this Court should find, as most courts have, that there is no private right of action to enforce the self-evaluation and transition plan regulations. Because there is no private right of action, Plaintiffs do not have standing to obtain the injunctive relief sought in the First Amended Complaint; therefore, their request for injunctive relief should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1).

WHEREFORE, for the foregoing reasons, Defendants, pray that this Honorable Court dismiss the First Amended Complaint, as to the request for injunctive relief (¶ b of the Prayer for Relief), with prejudice, pursuant to Fed. R. Civ. P. Rule 12(b)(1), and for any and all such other relief as this Court deems equitable and just.

Respectfully submitted,
CITY OF PEKIN, MARK ROTHERT, JOHN McCABE, JOHN P. ABEL, MICHAEL GARRISON, MARK LUFT, LLOYD ORRICK, MICHAEL RITCHASON, and JIM SCHRAMM

*/s/ K. Austin Zimmer*
One of their attorneys

K. Austin Zimmer, Lead Attorney (6276227)
Cynthia S. Grandfield (6277559)
Joseph A. Giambrone (6309071)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000/F: (708) 222-7001
zimmer@dlglawgroup.com
grandfield@dlglawgroup.com
giambrone@dlglawgroup.com