IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICIA BERARDI, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:18-cv-01438 |
| CITY OF PEKIN, ILLINOIS, a municipal corporation, et al., | ) ) Honorable Joe Billy McDade ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO**
**PLAINTIFFS' AMENDED PROPOSED PLAN FOR NOTICE TO THE CLASS**

NOW COME Defendants, CITY OF PEKIN, MARK ROTHERT, JOHN McCABE, JOHN P. ABEL, MICHAEL GARRISON, MARK LUFT, LLOYD ORRICK, MICHAEL RITCHASON, and JIM SCHRAMM, by and through their attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and for their memorandum in response to Plaintiffs' amended proposed plan for notice to the class (**Doc. # 51**), state:

**I. INTRODUCTION**

The City of Pekin does not maintain a list of potential Class members residing in the Pekin Housing Authority; therefore, this aspect of the proposed plan should be removed. However, Pekin has material related to residents' requests for handicapped parking in front of their residences and is willing to provide such materials to Plaintiffs' counsel as part of the notice plan. Pursuant to the Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, key documents related to the litigation should be posted to a neutral administrator's website, not the website of Plaintiffs' counsel's law firm. Instead of "word-of-mouth" contacts, Plaintiffs' counsel should use Advocates for Access's consumer list as part of the direct notice plan. Finally, given

1

the reach of the direct notice and other indirect options for providing notice, Pekin should not be required to post the notices on its website and Facebook page.

## II. ARGUMENT

**A. Pekin does not have a list of residents with mobility disabilities that were living in Pekin Housing Authority facilities during the applicable time.**

Plaintiffs state that, "Class Counsel will request from the Defendants the names and addresses of potential Class members residing in the three Pekin Housing Authority rental buildings." (**Doc. # 51, p. 3**). Pekin does not maintain a list of potential Class members living within the Pekin Housing Authority rental buildings. Furthermore, Defendants have no way of knowing what individuals living within the three rental buildings are potential Class members absent conducting some sort of independent investigation. Defendants should not bear the cost of having to conduct such an investigation; it appears the most efficient way to communicate the notice to individuals residing in the Pekin Housing Authority rental buildings would be for Plaintiffs' counsel to send a direct mailing of the long form notice to all the units within the three buildings, just as they are doing for the HUD-managed rental properties in Pekin. (**Doc. # 51, p. 4**).

**B. Pekin will provide materials related to residents' requests for handicapped parking.**

Part of the amended proposed plan, includes, "If possible, residents who have applied to the City of Pekin for and received handicapped parking spots in front of their residences, if names and addresses are ascertainable by the City and the compilation of that list is not onerous." (**Doc. # 51, p. 4**). Pekin has materials related to residents' requests for handicapped parking spaces in front of their residences and is willing to provide this to Plaintiffs' counsel as part of the Notice Plan.

### C. Relevant documents should be available on a neutral administrator's website.

In ordering Plaintiffs to submit a revised notice plan, the Court directed Plaintiffs' counsel to the Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide ("Class Action Guide"), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. (**Doc. # 50, p. 4**). The Class Action Guide provides that certain documents and materials related to the suit, those beyond the notice, should be posted at a neutral administrator's website. *See* Class Action Guide at p. 4. Plaintiffs' amended proposal provides for posting such materials on a page within the website for Plaintiffs' counsel's law firm. (**Doc. # 51, p. 8**). Consistent with the recommendations of the Class Action Guide, the materials described in the amended proposal should be posted to a neutral administrator's website as opposed to the website of Plaintiffs' counsel's law firm.

### D. Plaintiffs' counsel should use Advocates for Access's consumer list as part of the direct notice.

According to Plaintiffs, Advocates for Access has identified its consumers that are from the Pekin area and have a mobility disability. (**Doc. # 51, p. 9**). As individual notice is preferable, Plaintiffs' counsel should include these individuals in the direct mailing of the long form. In addition, Plaintiffs state, "Advocates for Access has commenced directly contacting its consumers identified as having mobility disabilities who reside in the City of Pekin informing them of the lawsuit and encouraging them to communicate with Class Counsel." *Id.* Defendants have concerns with this "word-of-mouth" notice, especially since the Court has not yet approved a plan for notice to the class. Once the Court approves the notice forms, the long form should be mailed to these consumers to ensure that they receive accurate and consistent information concerning the class action.

### E. Pekin should not be required to post the short notice to its website and Facebook page.

The proposed plan includes requests for Pekin to post the short notice to its website and its Facebook page. (**Doc. # 51, p. 7-8**). Plaintiffs predict that the direct mailing will reach 100% of the class members. *Id.* at p. 5. Given the direct notice in the proposed plan, as well as the indirect methods identified, posting the short notice to Pekin's website and Facebook page is not necessary at this time. *See Dexter v. Ministry Health Care*, 2015 WL 1326361, at *5 (W.D. Wis. 2015) (no need for posting notice of class settlement at the defendant's workplace where the parties had addresses for nearly every class member). Also, requiring Pekin to post the notice to its website and social media page could be seen as punitive. *See Mark v. Gawker Media LLC*, 2014 WL 5557489, at *4 (S.D.N.Y. 2014) (in not requiring the defendants in a class action to post the notices to their websites, the court observed, "Posting a link on their website extracts a cost from Defendants, and has the potential to appear punitive, while the incremental chance that potential plaintiffs who do not otherwise receive notice would see it and become aware of their rights is small."). As such, the notice plan should not require Pekin to post the short form notice to its website and Facebook page.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, CITY OF PEKIN, MARK ROTHERT, JOHN McCABE, JOHN P. ABEL, MICHAEL GARRISON, MARK LUFT, LLOYD ORRICK, MICHAEL RITCHASON, and JIM SCHRAMM, respectfully request that the Notice Plan approved by this Honorable Court: (A) exclude: (1) a requirement that Defendants identify potential Class members in the Peking Housing Authority rental facilities; and (2) a requirement that Pekin post the short form notice to its website and Facebook page; (B) allow Pekin to provide Plaintiffs' counsel with records in its possession concerning residents' requests for handicapped parking in front of their residences; (C) require relevant documents be posted to the website of a

neutral administrator as opposed to Plaintiffs' counsel's website; and (D) include a direct mailing of the long form notice to the consumers identified by Advocates for Access, and for whatever other relief this Court deems equitable and just.

    Respectfully submitted,
CITY OF PEKIN, MARK ROTHERT, JOHN McCABE, JOHN P. ABEL, MICHAEL GARRISON, MARK LUFT, LLOYD ORRICK, MICHAEL RITCHASON, and JIM SCHRAMM
*/s/ K. Austin Zimmer*
One of their attorneys

K. Austin Zimmer, Lead Attorney (6276227)
Cynthia S. Grandfield (6277559)
Joseph A. Giambrone (6309071)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000/F: (708) 222-7001
zimmer@dlglawgroup.com
grandfield@dlglawgroup.com
giambrone@dlglawgroup.com

**CERTIFICATE OF SERVICE**

I certify that on June 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>*see* Service List, which follows</u>, and I certify that I have mailed by the United States Postal Service the document to the following non CMECF participants: <u>N/A</u>.

By: <u>/s/ *K. Austin Zimmer*</u>
K. Austin Zimmer

K. Austin Zimmer (6276227)
Cynthia S. Grandfield (6277559)
Joseph A. Giambrone (6309071)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000/F: (708) 222-7001
zimmer@dlglawgroup.com
grandfield@dlglawgroup.com
giambrone@dlglawgroup.com

**Service List**

| | |
|---|---|
| Jennifer L. Sender<br>Andres J. Gallegos<br>ROBBINS, SALOMON & PATT, LTD.<br>180 North LaSalle Street, Suite 3300<br>Chicago, Illinois 60601<br>(312) 782-9000 - Telephone<br>(312) 782-6690 - Facsimile<br>jsender@rsplaw.com<br>agallegos@rsplaw.com<br>rstavins@rsplaw.com<br>*Attorneys for Plaintiffs, Patricia Berardi, Robert Chriswell, Lisa Lynch, Alice Ortiz, Austin Calloway, Ellen Sunderland* | Carl F. Reardon<br>120 Illini Drive<br>East Peoria, IL 61611<br>(309) 699-6767<br>carl.reardon@comcast.net<br>*Attorney for Plaintiffs, Patricia Berardi, Robert Chriswell, Lisa Lynch, Alice Ortiz, Austin Calloway, Ellen Sunderland* |