# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

Patricia Berardi, Robert Chriswell, Susan Kay Duvall, as the Executor of the Last Will and Testament of Alice Rose Mary Ortiz; Austin Calloway, Ellen Sunderland, and Lisa Lynch, *as the parent and next friend of ML, a minor child,* individually on behalf of themselves and all other persons similarly situated,

      Plaintiffs,

v.

City of Pekin, Illinois, a municipal corporation; Mark Rothert, *in his official capacity as the Pekin City Manager*; John McCabe, John P. Abel, Michael Garrison, Mark Luft, Lloyd Orrick, Michael Ritchason and Jim Schramm, *in their official capacities as Council Members for the City of Pekin,*

      Defendants.

)))))))))))))))))))

Case No. 1:18-cv-01438

## **ORDER**

The Parties have applied to the Court for an order preliminarily approving the settlement of this action in accord with the Proposed Consent Decree ("Consent Decree"), which sets forth the terms and conditions of the proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Consent Decree throughout its term. Having read the papers submitted and carefully considered the arguments of relevant legal authority, and good cause appearing, the court GRANTS the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

      NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Consent Decree. The Court finds on a preliminary basis that the Consent Decree is fair, adequate and reasonable to all potential Class Members. It further appears to the Court that the settlement at this time will avoid substantial additional cost to all Parties, as well as avoid the delay and risks presented by for the prosecution of issues either in the current or separate litigation proceedings which are addressed by the Consent Decree. It further appears that the Consent Decree has been reached as the result of good faith, prolonged, serious, and non-collusive arm's-length negotiations.

2. The Court hereby approves Simpluris, Inc., with its principal place of business at Costa Mesa, California, to serve as the Settlement Administrator.

3. The Court hereby approves, as to form and content, the proposed long notice form, short notice form, claim form and exclusion request form attached as exhibits to the Proposed Plan for Notice to the Class (the "Notice Plan"). The Court finds that the distribution of the notice in the manner and form set forth in the Notice Plan meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). The Notice Plan includes a notice scheme that is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties shall submit declarations to the Court as part of the Motion for the Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Notice Plan.

4. A hearing on final approval of the Consent Decree ("Fairness Hearing") shall be held before the Court on a date set by the Court, in Section 6.i. below, to determine all necessary matters concerning the Consent Decree, including whether the proposed Consent Decree's terms and conditions are fair, adequate, and reasonable, and whether the Consent Decree should receive

final approval by the Court, as well as to rule on Class Counsel's motion requesting an award of reasonable attorneys' fees, costs and expenses.

     5.     Any Class Member may object to the Consent Decree, no later than ninety (90) calendar days after the newspaper publication of the Settlement Notice (the "Objection Deadline"), in *The Journal Star,* by filing written objections with the Court, Class Counsel and Defense Counsel. Any Class Member may object to any aspect of the proposed Consent Decree either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the proposed Consent Decree may file a written statement of objection no later than the Objection Deadline. Such statement should include: (a) the name, address, and, if available, telephone number and email address of the Class Member objecting; (b) if represented by counsel, the name, address, telephone number and email address of his or her counsel; (c) a statement identifying the specific grounds for the Class Member's objections; and (d) a statement of whether his or her objection applies to the Class Member or the entire class. Any Class Member who wishes to object to the proposed Consent Decree may also present objections at the Fairness Hearing. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Members' objection to the Consent Decree, in accordance with due process rights of all Class Members. Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out and enforce the terms and conditions of the Consent Decree and this Order, are hereby stayed. Additionally, the Court enjoins all Class Members from asserting or maintaining any claims to be released by the Consent Decree until the date of the Fairness Hearing.

Any Class Member may opt-out of the settlement by completing and executing an Exclusion Request Form attached as an exhibit to the Notice Plan. The opt-out period shall also be ninety (90)

calendar days from the initial date the notice of the class action and its settlement is published in *The Journal Star.*

      6.      In accordance with the above, the Court adopts the following schedule:

           a.      Within ten (10) calendar days after entry of the Order Granting Preliminary Approval, the Settlement Administrator shall mail the Long Notice Form, in the form of Exhibit A to the Notice Plan, together with the Claim Form and Exclusion Request Form, Exhibits C and D, respectively, to the Notice Plan, to each known potential Class Member and those that can be identified through reasonable means.

           b.      Within ten (10) calendar days after entry of the Order Granting Preliminary Approval, Class Counsel shall cause the Short Form Notice, in the form of Exhibit B to the Notice Plan, to be posted in the City and state governmental facilities and commercial establishments in the City of Pekin set forth in the Notice Plan.

           c.      Commencing within ten (10) calendar days after entry of the Order Granting Preliminary Approval, the City shall cause to be published the long notice form, in the form of Exhibit E to the Notice Plan, in *The Journal Star*, to appear three days per week (Mondays, Thursdays and Sundays) for the 12-week (90 day) duration of the opt out period.

           d.      Within fifteen (15) calendar days after entry of the Order Granting Preliminary Approval, the Settlement Administrator shall post on the case specific website established by the Settlement Administrator hyperlinks to the documents and forms identified in the Notice Plan.

           e.      Within fifteen (15) calendar days after entry of the Order Granting Preliminary Approval, Class Counsel shall request Advocates for Access Center for Independent

Living to post the Website Notice, in the form of Exhibit F to the Notice Plan, on its website, requesting that it be maintained on its website for ninety (90) calendar days.

   f. Thirty-five (35) calendar days prior to the Objection Deadline, Plaintiffs shall file a Motion for an Award of Reasonable Attorneys' Fees, Expenses and Costs. The hearing on that Motion shall be concurrent with the Fairness Hearing.

   g. Each Class Member shall be given a full opportunity to object to the proposed settlement and Class Counsel's request for an award of reasonable attorneys' fees, expenses and costs, and to participate at the Fairness Hearing. Any Class Member seeking to object to the proposed settlement may submit an objection to the Court in writing, via regular email or filed in person.

   h. The Parties shall file a Joint Motion for Final Approval and may respond to objections, if any, no later than five (5) calendar days prior to the Fairness Hearing. On the same date, the Parties shall also file statements of compliance with notice requirements.

   i. The Fairness Hearing shall be held on October 18, 2022 at 10:00 a.m. in Courtroom C of the above referenced Court.

  7. In the event the Court does not grant final approval to the settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Consent Decree or the Consent Decree is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Consent Decree and all orders and findings entered in connection with the Consent Decree and the settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

8. This Order shall not be construed or used as an admission, concession or declaration by or against the City of any fault, wrongdoing, breach or liability. It shall not be deemed to be a stipulation as to the proprietary of class certification, or any admission of fact or law regarding any request for class certification, and any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession or declaration by or against Plaintiffs or any other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the action or in any other proceeding.

**IT IS SO ORDERED.**

Dated: July 12, 2022

_____
United States Magistrate Judge