IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Patricia Berardi, Robert Chriswell, Susan Kay Duvall, as the Executor of the Last Will and Testament of Alice Rose Mary Ortiz, Austin Calloway, Ellen Sunderland, and Lisa Lynch, *as the parent and next friend of M.L., a minor child*, individually on behalf of themselves and all other persons similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>City of Pekin, Illinois, a municipal corporation; Mark Luft, *in his official capacity as the Mayor of the City of Pekin,*<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:18-cv-01438 |

**JOINT MOTION FOR FINAL APPROVAL OF
CONSENT DECREE AND ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), Plaintiffs Patricia Berardi; Robert Chriswell; Susan Kay Duvall, as the Executor of the Last Will and Testament of Alice Rose Mary Ortiz; Austin Calloway; Ellen Sunderland; and Lisa Lynch as the parent and next friend of M. L., a minor child (sometimes collectively referred to herein as "Named Plaintiffs"), individually on behalf of themselves and all certified Class members, by their attorneys, Jennifer M. Sender, Andrés J. Gallegos, Robbins DiMonte, Ltd. ("RD"), and Carl F. Reardon ("Mr. Reardon," who together with RD are referred to herein as "Class Counsel"), and Defendants City of Pekin, Illinois, a municipal corporation; and Mark Luft, *in his official capacity as the Mayor of the City of Pekin* (collectively referred to herein as "the City"), by and through their counsel, K. Austin Zimmer, of Del Galdo Law Group, LLC, respectfully move the Court to grant final approval of the Consent

Decree providing for the Class Action Settlement (the "Consent Decree," a true and correct copy of which is attached hereto as Exhibit 1). In support of this Motion the Parties offer as follows:

1. On April 19, 2021, the Court issued an opinion and order certifying a hybrid class ("Class Certification Order") under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) consisting of "all persons with mobility disabilities who were residents of the City of Pekin from December 11, 2016, through December 11, 2018, and who were denied meaningful access to public pedestrian rights-of-way in the City during that timeframe" (the "Class Members"). (*See* Class Certification Order, Doc 47.) The Class Certification Order also appointed the Named Plaintiffs as Class Representatives and attorneys, Jennifer M. Sender, Andrés J. Gallegos and Mr. Reardon, as Class Counsel. (*Id.*)

2. On July 12, 2022, the Court entered an Order Preliminarily Approving the Consent Decree and Providing for Notice ("Preliminary Approval Order"). [Doc. No. 70.] In entering the Preliminary Approval Order, the Court found that the class settlement contained within the Consent Decree and the Proposed Consent Decree "is fair, adequate and reasonable to all potential Class Members" and "has been reached as the result of good faith, prolonged, serious, and non-collusive arm's-length negotiations." [*Id*. at 2, ¶4.]

3. In its Preliminary Approval Order, the Court also approved the form and method of notice to the Class Members set forth in the Notice Plan [Doc. No. 51.] Specifically, the Court ordered that within ten (10) calendar days after entry of the Order Granting Preliminary Approval, the following notice obligations were to be completed:

(a) The Settlement Administrator, approved by the Court, Simpluris, shall mail the Long Notice Form, in the form of Exhibit A to the Notice Plan, together with the Claim Form and Exclusion Request Form, Exhibits C and D, thereto respectively,

    to the Notice Plan, to each known potential Class Member and those that can be identified through reasonable means;

 (b) Class Counsel shall cause the Short Form Notice, in the form of Exhibit B to the Notice Plan, to be posted in the City and state governmental facilities and commercial establishments in the City of Pekin set forth in the Notice Plan;

 (c) The City shall cause to be published the Long Form Notice, in the form of Exhibit E to the Notice Plan, in The Journal Star, to appear three days per week (Mondays, Thursdays and Sundays) for the 12-week (90 day) duration of the opt out period.

[Doc. No. 70.] The Court further ordered that within fifteen (15) calendar days after entry of the Order Granting Preliminary Approval, the following notice obligations were to be completed:

 (a) the Settlement Administrator shall post on the case specific website established by the Settlement Administrator hyperlinks to the documents and forms identified in the Notice Plan; and

 (b) Class Counsel shall request Advocates for Access Center for Independent Living to post the Website Notice, in the form of Exhibit F to the Notice Plan, on its website, requesting that it be maintained on its website for ninety (90) calendar days.

[Doc. No. 70.]

 4. The Parties have fully complied with each of the foregoing notice obligations. (See Declaration of Andrés Gallegos, attached as Exhibit 2; See Declaration of Amy Lechner, Senior Project Manager for Simpluris, attached as Exhibit 3.)

 5. The Settlement Administrator and Class Counsel undertook additional efforts to provide notice to potential class members and to assist individuals with filing claims. On or about

August 16, 2022, Mr. Reardon sent letters—a sample of which is attached as Exhibit 1 to Mr. Reardon's Declaration—to all of the named plaintiffs and all of those individuals who signed declarations seeking to know if there are more people with disabilities in the City of Pekin who might want to participate in the class action lawsuit. (See Declaration of Carl Reardon, attached as Exhibit 4.) In response, Mr. Reardon received the contact information for several people. (*Id.*) Mr. Reardon contacted those individuals, several of the individuals wished to file claims, and Mr. Reardon provided assistance. (*Id.*) Further, based upon the low response rate, the Settlement Administrator, with Class Counsels' approval, made contact with 10 of the 18 housing facilities identified as potentially having a large number of persons with mobility disabilities, where the initial notice bulletin was posted and where notices were mailed. (See Declaration of Amy Lechner, Exhibit 3.) Of these locations, representatives at 8 of the locations agreed to post the bulletin again, and Simpluris emailed copies of an updated Bulletin Notice for re-posting. (*Id.*) Additionally, on October 19, 2022, as part of the supplemental outreach to increase claims filing, Simpluris mailed out a reminder Postcard Notice to the 787 residential addresses at 10 apartment buildings and assisted living facilities which had previously been mailed the Notice Packet in July of 2022. (*Id.*)

6. As ordered by the Court, Class Counsel filed its Petition for Attorneys' Fees and Costs on September 15, 2022, thirty-five (35) calendar days prior to the Objection Deadline. (Doc. 72.). On October 5, 2022, in a text order, this Court granted the Petition. The Petition and Court's Order granting the Petition were posted on the case's specific website. (See Declaration of Amy Lechner, Exhibit 3.)

7. Pursuant to the Preliminary Approval Order, objections to the Consent Decree were to be filed on or before October 20, 2022, which was ninety (90) calendar days after the newspaper

4

publication of the Settlement Notice (the "Objection Deadline"), in *The Journal Star*, by filing written objections with the Court, Class Counsel and Defense Counsel.

8.     To date, no objections to the Settlement Agreement have been filed and neither Class Counsel nor Defense Counsel has received any objections or is aware of any objections that have been raised but not formally filed. (See the Declarations of Andrés Gallegos, Exhibit 2, Carl Reardon, Exhibit 4, Jennifer Sender, Exhibit 5, and K. Austin Zimmer, Exhibit 6.)

9.     Upon the end of the period for any objections or for potential class members to opt out of the class, October 24, 2022, the Settlement Administrator verified those individuals who filed claims for monetary relief and one individual who filed an Exclusion Form. (See Declaration of Amy Lechner, Exhibit 3.) Simpluris has reviewed the Claim Forms submitted by mail and web and determined that, of the ten (10) timely claims, seven (7) claims are complete and include the required documentation of a photo ID and proof of residency, and are thus considered Valid. Three (3) of the claims are deficient because they only provided a photo ID, and thus are considered Invalid. The three (3) claimants who submitted claims identified as deficient for not providing required documentation were notified by mail of the deficiency and provided the opportunity to submit supplemental documents to cure the deficiency before the claims deadline. The one (1) late claim submitted on October 26, 2022, is incomplete as it does not include a photo ID or proof of residency, and thus is considered Invalid. (*Id.*) One individual, Faye Selby, who had previously submitted a declaration during the litigation, submitted an Exclusion Form. (*Id.*) Class counsel contacted Ms. Selby to ensure that there was no confusion and confirmed that she no longer wishes to be a member of the Class. (See Declaration of Carl Reardon, attached as Exhibit 4.). Thus, together with the Representative Plaintiffs, the remaining Declarants and the Class Members

5

submitting valid and timely claims, 47 Class Members will receive monetary compensation under the terms of the Consent Decree.

10.     In order to approve the Consent Decree that would bind class members, the Court must determine after a hearing that the proposed class settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). To do so, the Court must consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)). Here, each of these factors strongly weighs in favor of final approval of the settlement terms in the Consent Decree.

11.     First, satisfying the "most important factor relevant to the fairness of a class action settlement," the strength of Plaintiffs' case on the merits is balanced against the benefits provided to the Class Members by the Consent Decree. *In re GenMotors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979). Defendants raised numerous affirmative defenses in their Answer to the First Amended Complaint and has indicated throughout the litigation that, in the absence of a settlement, it will mount a vigorous defense against Plaintiffs' claims. *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 309 (7th Cir. 1985) ("[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation."). Accordingly, Plaintiffs would face significant risks and costs if the case were to proceed to trial, including the possibility that Defendants would prevail on one or more of their affirmative defenses, thereby negating all relief sought by Plaintiffs here.

12. The Consent Decree, on the other hand, provides substantial immediate benefits to the Class Members. The settlement terms address the gravamen of the claims asserted in the lawsuit by providing significant injunctive relief to all persons with mobility disabilities who were residents of the City of Pekin from December 11, 2016, through December 11, 2018, and who were denied meaningful access to public pedestrian rights-of-way in the City during that timeframe. Those individual Class Members likely would not be able to obtain the scope of the injunctive relief contained in the Consent Decree on their own if they brought individual actions as it requires the City to appropriate a minimum of $250,000 (the "Annual Monetary Commitment") for each year of the Term to remediate all identified deficiencies in sidewalks, curb cuts, crosswalks, and other public rights-of-way no later than the end of the City's 2026 fiscal year. In addition, the City shall appropriate $1.5 million for the first three fiscal years immediately following the Effective Date, for use exclusively toward the construction and the remediation required of the sidewalks, curb cuts, crosswalks and Pedestrian Ramps and all work related thereto. The Annual Monetary Commitment is the minimum amount the City is obligated to appropriate on an annual basis for the construction of sidewalks, curb cuts, crosswalks, and Pedestrian Ramps, including those constructed in connection with the construction and alterations of streets, roadways and highways, remediation of existing sidewalks, curb cuts, crosswalks, and Pedestrian Ramps. Further, the Class Members will receive monetary compensatory damages, which they likely would not be able to recover if the case went to trial based on the United States Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 20-219.

13. Given the risks and costs presented by continued litigation, the significant benefits that the Class Members will realize from the Settlement Agreement and given the fact that any relief obtained through continued litigation could be significantly delayed to the prejudice of the

Class Members who would be denied services while such litigation continued, the proposed settlement is "fair, reasonable and adequate." See *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2000) ("Even if Plaintiffs were to succeed on the merits at some future date, a future victory is not as valuable as a present victory."). In addition, the City has agreed to adopt policies and procedures for the continued maintenance of the City's sidewalks, curb cuts, crosswalks, and Pedestrian Ramps for the City's residents and visitors with mobility disabilities.

14. Second, the absence of any objections to the settlement terms in the Consent Decree is further evidence that the settlement terms are "fair, reasonable and adequate." "The lack of objectors challenging the settlement favors a finding that the settlement is 'fair and reasonable.'" *In re Kentucky Grilled Chicken Coupon Marketing & Sales Prac. Litig.*, 280 F.R.D. 364, 377 (N.D. Ill. 2011) (citing *Am. Civil Liberties Union v. U.S. Gen. Servs. Admin.*, 235 F.Supp. 2d 816, 819 (N.D. Ill. 2002)); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000) (holding that the fact that more than "99.9% of class members have neither opted out nor filed objections . . .is strong circumstantial evidence in favor of the settlement"), aff'd, 267 F.3d 743 (7th Cir. 2001).

15. Third, the likely length, complexity, and expense of continued litigation weighs in favor of final approval. *Synfuel*, 463 F.3d at 653. Absent a settlement, the Parties will endure protracted litigation which will involve fact discovery, including at least 35 depositions, motion practice, the production of expert reports, and possibly a trial. See *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976)("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort.").

16. Fourth, in approving a settlement of a class action, courts are entitled to rely heavily on the opinion of competent counsel. *Synfuel*, 463 F.3d at 653; Isby, 75 F.3d at 1200. Here, Class Counsel and Defense Counsel both support the Consent Decree as being fair, reasonable, and adequate. In its Preliminary Approval Order the Court found that the Consent Decree appeared free from collusion and nothing has been raised to question the accuracy of that conclusion.

17. Finally, the settlement terms of the Consent Decree are the result of extensive and intensive negotiations between the Parties and the exchange of significant informal discovery. See *In re AT & T Mobility*, 789 F.Supp.2d 935, 966-67 (N.D. Ill. June 2, 2011)(granting final approval where counsel had conducted a significant amount of informal discovery and dedicated time and resources to resolving the lawsuit).

18. Accordingly, the Consent Decree is fair, reasonable, and adequate and, for the reasons stated herein and in Plaintiffs' Memorandum in Support hereof, the Parties respectfully request that the Court grant final approval of the Consent Decree and enter an order for final judgment (attached as Exhibit 7).

Dated: October 27, 2022

Respectfully Submitted,

By: /s/ Jennifer M. Sender
Jennifer M. Sender (ARDC No. 6207774)
Andrés J. Gallegos (ARDC No. 6212168)
Class Counsel
Robbins DiMonte, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago, IL 60601
Phone: (312) 782-9000
Fax: (312) 782-6690
jsender@robbinsdimonte.com
agallegos@robbinsdimonte.com

/s/ Carl F. Reardon
Carl F. Reardon (ARDC No. 2295725)
Class Counsel
120 Illini Dr.

      East Peoria, IL 61611 (309) 699-6767
carlreardon@comcast.net

  /s/ K. Austin Zimmer
K. Austin Zimmer
Counsel for the Defendants
Del Galdo Law Group, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402 (708) 222-7000 - telephone (708) 222-7001 - facsimile
zimmer@dlglawgroup.com