IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Patricia Berardi, Robert Chriswell, Susan Kay Duvall, as the Executor of the Last Will and Testament of Alice Rose Mary Ortiz; Austin Calloway, Ellen Sunderland, and Lisa Lynch, *as the parent and next friend of ML, a minor child*, individually on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>City of Pekin, Illinois, a municipal corporation; Mark Luft, *in his official capacity as Mayor of the City of Pekin,*<br><br>    Defendants. | FILED<br>NOV 01 2022<br>CLERK OF COURT<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br><br>Case No. 1:18-cv-01438 |

**<u>FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT</u>**

  WHEREAS, on July 12, 2022, the Court entered an Order Preliminarily Approving the Consent Decree and Providing for Notice ("Preliminary Approval Order"). [Doc. No. 70.]

  WHEREAS, on November 1, 2022, the Court held a hearing (the "Fairness Hearing") to determine, among other things, whether the settlement in this action by the Defendants City of Pekin (the "City"), and Mark Luft, in his official capacity as the Mayor of the City of Pekin (collectively, "Defendants"); and the Plaintiffs, Patricia Berardi, Robert Chriswell, Susan Kay Duvall, as the Executor of the Last Will and Testament of Alice Rose Mary Ortiz; Austin Calloway, Ellen Sunderland, and Lisa Lynch, as the parent and next friend of ML, a minor child (collectively, "Representative Plaintiffs") as set forth in the Consent Decree a copy of which is attached hereto as Exhibit 1 (the "Consent Decree") is fair, reasonable and adequate, such that a

1

Final Approval Order should be issued and final judgment upon said Consent Decree should be entered by the Court;

WHEREAS, the Fairness Hearing was attended by the Parties, through their respective counsel of record in this action and by such other individuals and entities as set forth in the record of this matter; and

WHEREAS, the Court has issued its Order giving final approval to the Parties' settlement as set forth in the Consent Decree after the Fairness Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Approval Order, adopts and incorporates herein the terms and definitions set forth in the Consent Decree. Capitalized terms used in this Final Approval Order shall have the meanings and/or definitions ascribed to them in the Consent Decree, unless specified hearing to the contrary.

2. The Court has jurisdiction over the subject matter of this action, the Representative Plaintiffs, the Class, the Consent Decree, and the Defendants.

3. The Court finds that the notice to the Class Members of the pendency of this action and of the proposed settlement was disseminated by each of the means required under the Consent Decree and the Preliminary Order of this Court, dated July 12, 2022, and was otherwise fully implemented.

4. The Court finds that such notice to the Class Members, as ordered and implemented, was reasonably calculated under circumstances to apprise the Class Members of the pendency of this action, all material elements of the proposed settlement, and their opportunity (a) to submit written objections to the settlement, and (b) to appear at the Fairness Hearing to object

2

to or comment on the settlement. The Notice of Settlement was reasonable and best notice practicable to all Class Members and complied with the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. A full and fair opportunity has been afforded to members of the Class to participate during the Fairness Hearing, and all other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Class, as set forth below, are bound by this Judgment.

5. On April 19, 2021, the Court certified a hybrid Class, appointed the Representative Plaintiffs as representatives of the Class, and appointed the following counsel as Class Counsel to represent the Class Members: (i) Andrés J. Gallegos and Jennifer M. Sender with Robbins DiMonte, Ltd., formerly Robbins, Salomon & Patt, Ltd.; and (ii) Attorney Carl Reardon.

6. The Court finds that the Class continues to meet the requirements for class certification under the Federal Rules for Civil Procedure and all other applicable laws and rules. In particular, the Court finds that: (a) joinder of the Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers; (b) there are questions of law and fact common to the Class; (c) Representative Plaintiffs' claims are typical of the claims of the Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Class and will continue to do so; (e) Plaintiffs and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sorts of practices alleged in the Complaint; and (f) the City acted or refused to act on grounds that apply to the Class, so that the final declaratory and injunctive relief is appropriate to the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies the final Class Members of this hybrid class, for purposes of injunctive relief under

Federal Rule of Civil Procedure 23(b)(2) as all persons with mobility disabilities who were residents of the City of Pekin from December 11, 2016, through December 11, 2018, and who were denied meaningful access to public pedestrian rights-of-way in the City during that timeframe, with the exception of Ms. Faye Selby; and for purposes of monetary relief under Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the final Class Members as the six Representative Plaintiffs, the 34 Declarants, and the 7 individuals who submitted timely and valid claims.

8.     The Court grants final approval to the settlement terms set forth in the Consent Decree and finds that those settlement terms are fair, reasonable, adequate and in the best interests of the Class as a whole. The Court grants final approval of the release of the Defendants from the Released Claims as set forth in the Consent Decree.

9.     The Court further finds that the City's Annual Monetary Commitment, which requires the City to appropriate such funds for the first three fiscal years immediately following the effective date of the Consent Decree for use exclusively toward the construction and the remediation required of the sidewalks, curb cuts, crosswalks and pedestrian ramps and all work related thereto as contemplated by the Consent Decree is proper and reasonably calculated based on available information to maintain and ensure accessibility of pedestrian rights-of-way located in the City of Pekin to persons with Mobility Disabilities. Accordingly, the settlement shall be consummated in accordance with the terms and conditions of the Consent Decree.

10.     As required by the Consent Decree, the Court will establish the "term" of the Consent Decree after the engineering consultant completes the Updated Transition Plan.

11.     Objections to the settlement are overruled for the reasons explained in the Court's accompanying findings.

12. The Class Representatives and the Class Members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively deemed to have released and forever discharge the Defendants from all Released Claims as set forth in the Consent Decree. All Class Members are bound by this Judgment.

13. The Court previously, on October 5, 2022, granted approval of Class Counsels' request for attorneys' fees and expenses, finding the amounts request to be reasonable.

14. The benefits described in the Consent Decree are the only consideration, fees, costs and expenses that the City shall be obligated to give to any party or entity, including without limitation the Class Representatives, the Declarants, the Class Members, and Class Counsel in connection with the claims released in the Consent Decree and/or the payment of attorneys' fees, costs and expenses in this action.

15. The Consent Decree and this Final Approval Order are not admissions of liability or fault by the City, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by the City. The Consent Decree is not a concession by the Parties and, to the fullest extent permitted by law, neither this Final Approval Order, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal or administrative action or proceeding to establish any liability of, or admission by the City.

16. Notwithstanding the foregoing, nothing in this Final Approval Order shall be interpreted to prohibit the use of this Final Approval Order to consummate or enforce the Consent Decree, or to defend against the assertion of Release Claims in any other proceeding, or as otherwise required by law.

17. In accordance with the terms of the Consent Decree, which is attached hereto, the Court reserves exclusive and continuing jurisdiction over the Representative Plaintiffs, the Class Members, the Defendants and the Consent Decree throughout the term of the Consent Decree, for the sole purpose of supervising the implementation, enforcement, construction, and interpretation of the Consent Decree and this Judgment. In that regard, any challenges to the Consent Decree's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: 11/1/2022

_____
United States Magistrate Judge

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Consent Decree on a date set forth opposite their respective signatures.

EXECUTED by the Parties as follows:

### Class Representatives

Approved As to Form

Dated: June 1, 2022, 2022

Robbins, DiMonte, Ltd.

By: s/Andres J. Gallegos
Andrés J. Gallegos, Esq., Class Counsel

Dated: June 1, 2022

s/Patricia Berardi
Patricia Berardi

Dated: June 1, 2022

s/Robert Chriswell
Robert Chriswell

Dated: June 1, 2022

s/Susan Kay Devall, Executor
Alice Rosemary Ortiz, deceased
by Susan Kay Devall, Executor

Dated: June 1, 2022

s/Austin Calloway
Austin Calloway

Dated: June 1, 2022

s/Ellen Sunderland
Ellen Sunderland

Dated: June 1, 2022

s/Lisa Lynch
Lisa Lynch, as the parent and next friend of M.L., a minor child

**Defendants**

| Approved As to Form | Del Galdo Law Group, LLC |
|---|---|
| | s/K. Austin Zimmer |
| Dated: Jun 1, 2022 | K. Austin Zimmer, Esq. |
| | CITY OF PEKIN, ILLINOIS |
| Dated: May 31, 2022 | By: s/Mark Luft |
| | Mark Luft, Mayor |
| Dated: May 31, 2022 | By: s/Sue E. McMillan |
| | Sue E. McMillan, City Clerk |